UNITED STATES DISTRICT COURT
WESTERN DISTRICT–SPRINGFIELD, MASSACHUSETTS

| | |
|---|---|
| HEATHER C. BROUILLETTE ) | |
| ) | |
| Plaintiff, ) | Case No. |
| v. ) | |
| ) | |
| EXPERIMENTAL APPLIED SCIENCES, INC., ) | Demand for Jury Trial |
| d/b/a EAS, INC., a Colorado Corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

NOW COMES the Plaintiff, HEATHER BROUILLETTE by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD. and PESSOLANO, DUSEL, MURPHY & CASARTELLO, and complaining of the Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, INC., a Colorado Corporation, states as follows:

### I. PARTIES

#### A. Plaintiff

1.   Plaintiff, HEATHER BROUILLETTE ("Plaintiff"), is a citizen of Chicopee, Massachusetts.

2.   Plaintiff purchased and ingested the ephedra-containing product, BetaLean, manufactured by EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, Inc., ("Defendant").

3.   On or about October 15, 2002, Plaintiff suffered a ischemic stroke as the result of ingesting the ephedra-containing product, BetaLean.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com



## DEFENDANT

4.  Defendant, Experimental Applied Sciences, Inc., d/b/a EAS Inc., is a Colorado Corporation with its principal place of business located at 555 Corporate Circle, Golden, CO, 80401.

5.  At all relevant times Defendant did research, develop, manufacture, create, design, test, label, package, distribute, supply, market, sell, promote, and/or advertise ephedra-containing dietary products, including BetaLean, the specific product complained-of herein.

## II. JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because the Plaintiff is a citizen of the State of Massachusetts and the Defendant is incorporated in the State of Colorado.

7.  This Court has personal jurisdiction over the Defendant pursuant to the Massachusetts Long-Arm Statute, Mass. Gen. Laws Ann. ch. 223A, §3(c), because it has committed tortious acts within this state.

8.  Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) and (c).

K:M
KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

2
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

## III. NATURE OF THE DEFENDANTS' WRONGFUL CONDUCT

### A. FACTUAL BACKGROUND

9. In 4000 BC, Ma Huang (ephedra), a Chinese herb, was used as a cold remedy usually ingested in tea made from the ephedra plant for persons suffering short-term inflammation of the lungs due to common cold and asthma problems. Ma Huang was usually recommended for short-term use.

10. Ephedra sinica, also known as Ma Huang, Mormon Tea, and now known on the streets as Herbal Ecstasy, is the plant most commonly used as a source of ephedra. Ma Huang is a popular dietary supplement across the world and has been used in Chinese medicine for over 5,000 years.

11. Ephedra naturally occurs in several different species of botanical plants. Ephedra contains "ephedrine alkaloids," which are naturally occurring chemical stimulants. Ephedrine, pseudoephedrine, methylephedrine, norephedrine, and norpseudoephedrine are all different types of ephedrine alkaloids. Although the proportions of the different types of ephedrine alkaloids in botanical plants vary from one plant species to another, the most common ephedrine alkaloids that are present in ephedra are ephedrine and pseudoephedrine. Norephedrine is an ephedrine alkaloid also known as phenylpropanolamine, which was recently banned by the FDA.

12. The synthetic form of ephedrine is considered to be a drug and is heavily regulated by the FDA, while the natural form of ephedrine that is present in ephedra is considered to be a dietary supplement and therefore is not heavily regulated by the FDA under



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

the Dietary Supplement Health and Education Act of 1994. Both ephedrine and ephedra are known to stimulate the sympathetic nervous system and cause vasoconstriction of the blood vessels. They also dilate bronchial tubes, elevate blood pressure, and increase heart rate.

### B. WRONGFUL CONDUCT

13. Pursuant to the Dietary and Supplement Health and Education Act of 1994, manufacturers of dietary supplements are responsible to ensure the safety and integrity of their products, specifically ephedra-containing products such as and BetaLean.

14. The Defendant engaged in a diverse and wide-sweeping marketing and over-promotion to sell its ephedra-containing dietary product. The Defendant misinformed and misled Plaintiff and consumers about its ephedra-containing dietary product, and failed to protect Plaintiff and users from serious dangers, which Defendant knew or should have known resulted from the use of its ephedra-containing dietary product.

15. The Defendant's promotions included, but were not limited to, claims that its ephedra-containing dietary product would allow Plaintiff to stimulate fat loss, preserve lean muscle mass, increase energy, and increase metabolism.

### C. CHRONOLOGY

16. In 1994 ephedra-containing dietary supplements were sold over-the-counter worldwide, with little oversight by the Food and Drug Administration, FDA.

17. In August 2002, the Justice Department began conducting criminal investigations into the safety and effects of ephedra-containing dietary supplements.

18. In May 2003, Illinois became the first state to ban the use of ephedra-containing dietary supplements.

K:M
KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

4
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

19. In October and November 2003, ephedra-containing dietary supplements were banned in California and New York, respectively.

20. Finally, on December 30, 2003, the U.S. Food and Drug Administration (FDA) announced a nationwide ban of the herbal weight-loss supplement ephedra as a result of concerns of its serious and adverse effects on health.

21. On April 12, 2004, the FDA ban became effective making sales of ephedra-containing diet supplements illegal.

### D. SERIOUS AND ADVERSE EFFECTS OF EPHEDRA

22. Ephedra-containing dietary products have been strongly associated with substantial increases in blood pressure, heart rate, and arrhythmia.

23. Ephedra-containing dietary products cause other amphetamine-like effects such as nervousness, hyperactivity, increased energy, anxiety, increased insomnia, tremor, dry mouth and a speedy feeling.

24. Ephedra-containing dietary products are potent central nervous stimulants and vasoconstrictors that cause adverse health risks, including death, intracranial hemorrhage, hypertension, palpitations, tachycardia, arrhythmias, dysrhythmias, myocardial infarctions, seizures, tremors, psychosis, nervousness, headaches, syncope, vertigo, strokes, atrial fibrillation, and gastrointestinal distress.

25. Defendant has failed to formulate, manufacture, design, and compound its product, so as not to constitute an unreasonable risk of death, intracranial hemorrhage, heart attack, seizure, stroke, atrial fibrillation, and psychosis.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

26. Defendant has failed to properly test the purity, quality, quantity, uniformity, potency, absorption, bioavailability, distribution, metabolic mechanisms, elimination rates, pharmacodynamics and pharmacogenetics of its ephedra-containing dietary product.

27. The warning label for the ephedra-containing dietary product did not adequately warn of the inherent dangers and risks of ephedra-containing dietary product, and failed to warn with an intensity commensurate with the existent danger. The warning was inadequate because it failed to warn Plaintiff and over-the-counter consumers of the risks of death, intracranial hemorrhage, heart attack, arrhythmias, stroke, seizure, atrial fibrillation, and psychosis.

28. The product warning label was inadequate for failure to warn of additive, synergistic, or potentiated effect of ephedra when combined with sympathomimetic medications or foods.

## IV. CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

29. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

30. Defendant is liable to Plaintiff pursuant to §402A of the Restatement of Torts (Second) or similar state law in that:

    a.    The Defendant was and is engaged in the business of manufacturing, promoting, marketing, advertising, distributing, supplying and selling the ephedra containing dietary product BetaLean, which Defendant

KBM
KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

sold and distributed in the State of Massachusetts of which Plaintiff is a citizen.

b. The Plaintiff was using BetaLean in a manner for which it was intended or in a reasonably foreseeable manner.

c. The Defendant's BetaLean was expected to and did reach the Plaintiff and similarly situated consumers without substantial change in its condition as manufactured and sold by the Defendant.

d. The Defendant knew or should have known that the foreseeable risks associated with BetaLean manufactured and distributed by the Defendant exceeded the benefits of that good.

e. The Plaintiff was not aware of, and could not have reasonably discovered the dangerous nature of BetaLean.

f. BetaLean, manufactured and distributed by the Defendant, caused or subjected the Plaintiff to suffer an ischemic stroke upon consumption and therefore constitutes a product unreasonably dangerous for normal use due to its defective design, its defective manufacture and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiff.

g. As a direct and proximate result of the Defendant's design, manufacture, promotion and sale of BetaLean:

   i. Plaintiff suffered serious and grievous personal injuries;

   ii. Plaintiff incurred economic loss, including loss of earnings and loss of earning capacity; and

   iii. Plaintiff was required to expend fair and reasonable expenses for necessary health care, attention and services.

h. The Defendant, therefore, is strictly liable to the Plaintiff.

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## COUNT II
## NEGLIGENCE

31. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

32. It was the duty of the Defendant to use reasonable care in the manufacture, promotion, marketing, advertising, distribution and sale of and BetaLean.

33. Contrary to its duty, the Defendant was and is guilty of one or more of the following careless and negligent acts and/or omissions, in that it:

   a. Failed to adequately and properly test and inspect BetaLean so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

   b. Failed to utilize and/or implement a reasonably safe design in the manufacture of BetaLean;

   c. Failed to manufacture BetaLean in a reasonable and safe condition for which it was intended;

   d. Failed to adequately and properly warn the Plaintiff and others similarly purchasing BetaLean of the risk of adverse side effects when used in a manner for which they were intended;

   e. Failed to adequately and properly label BetaLean so as to warn the Plaintiff of the risk of adverse side effects;

   f. Manufactured BetaLean, which constituted a hazard to health;

   g. Manufactured BetaLean, which caused adverse side effects;

   h. Was otherwise careless and negligent.

34. As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

8
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

## COUNT III
### VIOLATIONS OF MASSACHUSETTS REGULATION OF TRADE AND CERTAIN ENTERPRISES, MASS. GEN. LAWS CH. 93A, §1 et seq.

35. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

36. Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of the Massachusetts Regulation of Trade and Certain Enterprises, Mass. Gen. Laws ch. 93A, §1 et seq., when:

   a. Defendant, through advertising, warranties, and other express representations, represented that BetaLean had benefits or characteristics that it did not actually have.

   b. Defendant falsely represented that BetaLean was of a particular standard or quality when it was not.

   c. Defendant, when advertising BetaLean, concealed and suppressed facts material to the true characteristics, standards and quality of and BetaLean.

37. Defendant's deceptive practices were specifically designed to induce the Plaintiff and others similarly situated to buy BetaLean.

38. As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## COUNT IV
## BREACH OF EXPRESS WARRANTY

39. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

40. Defendant expressly warranted to the Plaintiff, by and through statements made by the Defendant or the Defendant's authorized agents or sales representatives, orally and in publications, and on bottles of the product and in other written materials that BetaLean, which the Defendant manufactured, promoted, marketed, advertised, distributed and sold to the Plaintiff, was of merchantable quality, fit and safe for human use and otherwise not injurious to Plaintiff's health and well-being.

41. Plaintiff, in reasonable reliance upon Defendant's guarantees and express warranties, purchased and used BetaLean.

42. The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and express warranties.

43. The Defendant breached its express warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

44. As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.

## COUNT V
## BREACH OF IMPLIED WARRANTY

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

10
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

45. Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

46. Defendant impliedly warranted to the Plaintiff and others similarly situated that BetaLean was of merchantable quality, fit and safe for human use and otherwise not injurious to the Plaintiff's health and well-being.

47. Plaintiff, in reasonable reliance upon Defendant's guarantees and implied warranties, purchased and used BetaLean.

48. The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and implied warranties.

49. The Defendant breached its implied warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

50. As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HEATHER BROUILLETTE, by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD., and PESSOLANO, DUSEL, MURPHY & CASARTELLO prays for relief against Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a/EAS, INC., as follows:



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

1. For general damages in a sum in excess of the jurisdictional minimum of this Court;

2. Medical, incidental, hospital, and service expenses according to proof;

3. Loss of earnings and earning capacity according to proof;

4. Prejudgement and post judgement interest as provided by law;

5. Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

6. Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

7. Punitive and exemplary damages;

8. Attorneys' fees, expenses, and costs of this action; and

9. Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

RESPECTFULLY SUBMITTED,

By: _____

Kevin Murphy, Esq.   BBO#363110
**PESSOLANO, DUSEL, MURPHY & CASARTELLO**
115 State Street, 5th Floor
Springfield, Massachusetts 01103
TEL: 413.781.4700
FAX: 413.781.0471

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

12
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

                                    Local Counsel for Plaintiff

Ronald V. Fiesta, Esq.
Sarah C. Bullard, Esq.
Pam Sotoodeh, Esq.
Nizam Arain, Esq.
Paige E. Barr, Esq.
Victoria Dizik Teremenko, Esq.
**KENNETH B. MOLL**
**& ASSOCIATES, LTD.**
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com
National Counsel for Plaintiff



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Heather C. Brouillette

### DEFENDANTS
Experimental Applied Sciences (EAS), Inc.

(b) County of Residence of First Listed Plaintiff: Hampden, Mass.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Jefferson, Colorado
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pessolano, Dusel, Murphy & Casartello; 115 State St, 5th Floor
Springfield, Mass., 01103; 413.781.4700

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 80,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Jed S. Rakoff, SDNY    DOCKET NUMBER 04-md-1598, MDL 1598

DATE 2/4/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

305845

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Heather C. Brouillette v. Experimental Applied Sciences (EAS), Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __Judge S. RAkoff, SDNY; Docket No.: 04-MD-1598, MDL 1598__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐  NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kevin G. Murphy, Esq.__
ADDRESS __115 State Street - 5th Floor, Springfield, MA 01103__
TELEPHONE NO. __(413)781-4700__

Coversheetlocal.wpd - 10/17/02)