IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

HEATHER C. BROUILLETTE,            )
      Plaintiff,                 )
                                   )
  v.                               )
                                   ) Civil Action No. 05-30039MAP
EXPERIMENTAL AND APPLIED SCIENCES, INC. )
d/b/a EAS, INC.,                   )
                                   )
      Defendant.                 )
                                   )
                                   )
                                   )

**ANSWER OF DEFENDANT EXPERIMENTAL AND
APPLIED SCIENCES, INC. TO COMPLAINT**

For its Answer to the Complaint, Experimental and Applied Sciences, Inc., d/b/a EAS, Inc. ("EAS"), makes the statements set forth below.

### I. PARTIES

### A. PLAINTIFF

1.    EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies same.

2.    EAS denies that it manufactured a product known as "BetaLean." EAS is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint, and therefore denies same.

3.    EAS is without knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff suffered an ischemic stroke, and therefore denies same. EAS denies the remaining allegations in Paragraph 3 of the Complaint.

263791-1

### B.  DEFENDANT

4. EAS admits the allegations contained in Paragraph 4 of the Complaint.

5. EAS denies the allegations contained in Paragraph 5 of the Complaint, except that EAS admits that it marketed and sold BetaLean.

## II.  JURISDICTION AND VENUE

6. The allegation of paragraph 6 of the Complaint concerning the Court's jurisdiction over the subject matter of the Complaint constitutes a contention of law rather than an averment of fact, and thus no response is necessary or required.  To the extent that the allegations of Paragraph 6 comprise averments of fact, EAS denies such allegations, except that EAS admits that it is incorporated in Colorado.

7. The allegation of Paragraph 7 of the Complaint concerning the Court's personal jurisdiction over EAS constitutes a contention of law rather than an averment of fact, and thus no response is necessary or required.  To the extent that the allegations of Paragraph 7 comprise averments of fact, EAS denies such allegations.  EAS denies the allegation contained in Paragraph 7 of the Complaint that it has committed tortious acts within Massachusetts.

8. The allegation of Paragraph 8 of the Complaint concerning the propriety of venue in this Court constitutes a contention of law rather than an averment of fact, and thus no response is necessary or required.  Nonetheless, to the extent that the allegations of Paragraph 8 comprise averments of fact, EAS denies such allegations.

## III.  NATURE OF THE DEFENDANTS' ALLEGED WRONGFUL CONDUCT

### A.  FACTUAL BACKGROUND

9. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies same.

10. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies same.

11. EAS denies the allegations contained in Paragraph 11 of the Complaint as incomplete and therefore inaccurate. In particular, but not by way of limitation, EAS is without knowledge or information sufficient to form a belief as to the truth of the allegation that norephedrine is an ephedrine alkaloid also known as phenylpropanolamine, which was recently banned by the FDA, and therefore denies such allegation.

12. EAS denies the allegations contained in Paragraph 12 of the Complaint, except that EAS admits that ephedra falls within the ambit of the Dietary Supplement Health and Education Act of 1994.

### B. ALLEGEDLY WRONGFUL CONDUCT

13. Paragraph 13 of the Complaint states a legal conclusion to which no responsive pleading is required. Nonetheless, to the extent that the allegations of Paragraph 13 comprise averments of fact, EAS denies such allegations.

14. EAS denies the allegations contained in Paragraph 14 of the Complaint.

15. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies same.

### C. CHRONOLOGY

16. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies same.

17. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies same.

18. EAS admits that Illinois banned the sale of ephedra-containing dietary supplements effective May 25, 2003. EAS is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, and therefore denies same.

19. EAS admits that California and New York subsequently banned the sale of ephedra-containing dietary supplements, and that such legislative actions took effect on January 1, 2004 and November 3, 2003, respectively. EAS is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint, and therefore denies same.

20. EAS admits that the FDA on or about December 30, 2003 announced that it intended to prohibit sales of dietary supplements containing ephedra. EAS is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and therefore denies same.

21. EAS admits the FDA's final rule prohibiting the sale of dietary supplements containing ephedra became effective on or about April 12, 2004. EAS is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore denies same.

### D. ALLEGED SERIOUS AND ADVERSE EFFECTS OF EPHEDRA

22. EAS denies the allegations contained in Paragraph 22 of the Complaint.

23. EAS denies the allegations contained in Paragraph 23 of the Complaint.

24. EAS denies the allegations contained in Paragraph 24 of the Complaint.

25. EAS denies the allegations contained in Paragraph 25 of the Complaint.

26. EAS denies the allegations contained in Paragraph 26 of the Complaint.

27. EAS denies the allegations contained in Paragraph 27 of the Complaint.

28. EAS denies the allegations contained in Paragraph 28 of the Complaint.

## IV.  CLAIMS FOR RELIEF

### COUNT I

### STRICT LIABILITY PURSUANT TO § 402A OF THE RESTATEMENT (SECOND) OF TORTS

29. In response to Paragraph 29 of the Complaint, EAS restates each and every admission, denial and averment in Paragraphs 1-28 of this Answer.

30. EAS denies the allegations contained in Paragraph 30 of the Complaint, including those allegations set forth in subparagraphs a through h.

### COUNT II

### NEGLIGENCE

31. In response to Paragraph 31 of the Complaint, EAS restates each and every admission, denial and averment in Paragraphs 1-30 of this Answer.

32. EAS denies the allegations contained in Paragraph 32 of the Complaint.

33. EAS denies the allegations contained in Paragraph 33 of the Complaint, including those allegations set forth in subparagraphs a through h.

34. EAS denies the allegations contained in Paragraph 34 of the Complaint.

### COUNT III

### VIOLATIONS OF MASSACHUSETTS REGULATION OF TRADE AND CERTAIN ENTERPRISES, MASS. GEN. LAWS CH. 93A, § 1, *et seq.*

35. In response to Paragraph 35 of the Complaint, EAS restates each and every admission, denial and averment in Paragraphs 1-34 of this Answer.

36. EAS denies the allegations contained in Paragraph 36 of the Complaint, including those allegations set forth in subparagraphs a through c.

37. EAS denies the allegations contained in Paragraph 37 of the Complaint.

38. EAS denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT IV

### BREACH OF EXPRESS WARRANTY

39. In response to Paragraph 39 of the Complaint, EAS restates each and every admission, denial and averment in Paragraphs 1-38 of this Answer.

40. EAS denies the allegations contained in Paragraph 40 of the Complaint.

41. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies same.

42. EAS denies the allegations contained in Paragraph 42 of the Complaint.

43. EAS denies the allegations contained in Paragraph 43 of the Complaint.

44. EAS denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT V

### BREACH OF IMPLIED WARRANTY

45. In response to Paragraph 45 of the Complaint, EAS restates each and every admission, denial and averment in Paragraphs 1-44 of this Answer.

46. EAS denies the allegations contained in Paragraph 46 of the Complaint.

47. EAS is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and therefore denies same.

48. EAS denies the allegations contained in Paragraph 48 of the Complaint.

49. EAS denies the allegations contained in Paragraph 49 of the Complaint.

50. EAS denies the allegations contained in Paragraph 50 of the Complaint.

EAS further denies any paragraph or allegation contained in the Complaint that it has not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against EAS upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The doctrines of unclean hands, laches, waiver, and/or estoppel bar Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by Plaintiff resulted from Plaintiff's own conduct, such that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

### FIFTH AFFIRMATIVE DEFENSE

EAS at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to timely notify EAS of any alleged defect or breach of warranty as required by operation of law and/or warranty.

### SEVENTH AFFIRMATIVE DEFENSE

EAS is entitled to a setoff of all sums of money recovered by or on behalf by the Plaintiff from non-parties to this action.

**EIGHTH AFFIRMATIVE DEFENSE**

The product, packaging, or instructions referenced in the Complaint complied with any and all applicable Federal regulations that existed at the time of sale.

**NINTH AFFIRMATIVE DEFENSE**

Federal law and regulations preempt the Plaintiff's claims.

**TENTH AFFIRMATIVE DEFENSE**

The superseding cause of any injury allegedly sustained by the Plaintiff is conduct that is illicit, criminal, or otherwise improper, and for which conduct EAS cannot be held responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations, including any such statute of limitations made applicable to the circumstances of this case through the effect of any applicable borrowing statute or rule.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any damages because the dangers, if any, claimed by them were open and obvious.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If the product allegedly involved in this action was defective or unreasonably dangerous (which EAS denies), then Plaintiff was aware thereof and unreasonably proceeded to make use of the product in that condition.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any damages because the harm alleged was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The relevant product carried warnings that adequately informed Plaintiff of any alleged health risks associated therewith.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages Plaintiff may have sustained were caused by a substantial change in the product after it left the possession, custody, and control of EAS.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages Plaintiff may have sustained were caused by pre-existing or unrelated medical conditions, diseases, illnesses, or infections.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages Plaintiff may have sustained were caused by an unforeseeable disease or infection.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any injuries or damages Plaintiff may have sustained were directly and proximately caused by Plaintiff's failure to mitigate her damages, and any alleged damages should be reduced or barred in accordance with principles of contributory negligence or comparative fault.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

An award of punitive or exemplary damages against EAS in this case would violate the United States Constitution and/or the Massachusetts Constitution.

EAS reserves the right to rely on additional affirmative and other defenses that become available or apparent during discovery.

## REQUEST FOR RELIEF

EAS respectfully requests that this Court:

1. Award to EAS its costs and attorneys' fees incurred in the defense of this action;

2. Dismiss the Complaint with prejudice; and

3. Award to EAS such other relief as this Court deems just and equitable.

## JURY DEMAND

EAS requests a trial by jury.

This ___7th___ day of April, 2005.

        Respectfully submitted,

        /s/ Philip J. Callan
        Philip J. Callan, Jr.
        State Bar No. 070540
        Michael K. Callan
        State Bar No. 558912
        DOHERTY, WALLACE, PILLSBURY & MURPHY, P.C.
        One Monarch Place, 19th Floor
        1414 Main Street
        Springfield, MA   01144
        Phone:   (413)-733-3111
        Fax:     (413)-734-3910
        E-Mail:  mcallan@dwpm.com

*Counsel for Defendant Experimental and Applied Sciences, Inc.*

<u>Of Counsel</u>:

Paul F. Strain
Michael B. MacWilliams
V<small>ENABLE</small> LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2978
Phone:        410-244-7400
Fax:           410-244-7742
E-Mail:       mbmacwilliams@venable.com