## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| HEATHER C. BROUILLETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-30039 |
| EXPERIMENTAL AND APPLIED SCIENCES, INC. | ) |
| d/b/a EAS, INC., | ) |
| | ) |
| Defendant. | ) |

## EXPERIMENTAL AND APPLIED SCIENCES, INC.'S
## NOTICE OF FILING OF NOTICE OF TAG-ALONG ACTION
## WITH THE JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION

Defendant, Experimental and Applied Sciences, Inc. d/b/a EAS, Inc. ("EAS") respectfully notifies this Court that on May 23, 2005, it filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation. The Notice identifies the above captioned case as a potential tag-along action to In re: Ephedra Products Liability Litigation, MDL Docket No. 1598. A copy of the Notice of Tag-Along Action is attached hereto as Exhibit A.

Respectfully submitted,

Phillip J. Callan, Jr.
Michael K. Callan
State Bar No. 558912
DOHERTY, WALLACE, PILLSBURY & MURPHY, P.C.
One Monarch Place, 19th Floor
1414 Main Street
Springfield, MA   01144
Phone:                      (413)-733-3111
Fax:                         (413)-734-3910
E-Mail:                     mcallan@dwpm.com

_____/s/_____(MBM)_____

Paul F. Strain

Michael B. MacWilliams

VENABLE LLP

1800 Mercantile Bank & Trust Building

2 Hopkins Plaza

Baltimore, Maryland  21201-2978

Phone:          410-244-7400

Fax:          410-244-7742

E-Mail: mbmacwilliams@venable.com

*Counsel for Defendant Experimental and Applied Sciences, Inc.*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

|  |  |  |
|---|---|---|
| IN RE: | * | |
| | * | MDL Docket No. 1598 |
| EPHEDRA PRODUCTS LIABILITY LITIGATION | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF TAG-ALONG ACTIONS</u>

Pursuant to Rules 7.2(i) and 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant Experimental and Applied Sciences, Inc. d/b/a EAS, Inc. ("EAS") hereby notifies the Clerk of the Panel of the following tag-along actions and states as follows:

1.      The following tag-along actions are pending in the United States District Court for the Eastern District of Arkansas (Western Division) and the United States District Court for the District of Massachusetts, respectively:

> <u>Tamara Kuykendall v. Experimental and Applied Sciences, Inc. d/b/a EAS, Inc.</u>, Case No. 4-05-CV-120GTE (E.D. Ark.)

> <u>Heather C. Brouillette v. Experimental and Applied Sciences, Inc. d/b/a EAS, Inc.</u>, Case No. 05-30039-MAP (D. Mass.)

(hereinafter the "Related Cases"). Copies of the Complaints filed in the Related Cases are attached hereto as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.

2.      The Related Cases are tag-along actions as defined by JPML Rule 1.1. The Related Cases involve common questions of fact with the actions previously transferred under 28 U.S.C. § 1407 into the Ephedra Products Liability Litigation (MDL

Docket No. 1598). In transferring the original actions to MDL No. 1598, this Panel stated that:

> Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them.

Transfer Order (MDL No. 1598) at 2 (attached as Exhibit C).

3.      In the Related Cases Plaintiffs are alleging that they suffered ephedra-related injuries as a result of, among other things, EAS's failure to warn and false advertising regarding its ephedra-containing products. See Ex. A, Kuykendall Complaint ¶¶ 13-15, 25-28; Ex. B, Brouillette Complaint ¶¶ 13-15, 25-28. These allegations raise factual questions that are essentially identical to those in the actions already transferred to MDL No. 1598.

4.      Given the substantially similar nature of the allegations involved, the Panel should consolidate and transfer both of these Related Cases to MDL No. 1598.

WHEREFORE, Defendant Experimental and Applied Sciences, Inc. d/b/a EAS, Inc. notifies the Panel of the foregoing Related cases as tag-along actions.

<div style="margin-left: 3em;">

Respectfully submitted,

EXPERIMENTAL AND APPLIED SCIENCES, INC.
d/b/a EAS, Inc.

Paul F. Strain
Michael B. MacWilliams
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2978
Telephone: (410) 244-7400
Facsimile: (410) 244-7742

</div>

## CERTIFICATE OF SERVICE

I, Michael B. MacWilliams, hereby certify that a true and correct copy of the foregoing Notice of Tag-Along Actions was sent to the counsel of record listed below via United States Mail with proper postage affixed, this 23rd day of May, 2005.

William Gary Holt
Russell Marlin
GARY EUBANKS & ASSOCIATES
708 West Second Street
P.O. Box 3887
Little Rock, Arkansas 72203-3887
*Attorneys for Plaintiff Tamara Kuykendall*

Kevin Murphy, Esq.
Pessolano, Dusel, Murphy & Casartello
115 State Street, 5th Floor
Springfield, Massachusetts 01103
*Attorneys for Plaintiff Heather C. Brouillette*

Ronald V. Fiesta, Esq.
Sarah C. Bullard, Esq.
Pam Sotoodah, Esq.
Nizm Arain, Esq.
Paige E. Barr, Esq.
Victoria Dizik Teremenko, Esq.
Kenneth B. Moll & Associates, Ltd.
Three First National Plaza
50th Floor
Chicago, Illinois 60502
*Attorneys for Plaintiffs Heather C. Brouillette and Tamara Kuykendall*

Michael B. MacWilliams

# EXHIBIT A

FEB-04-2005  11:31      J D S                                          P.02

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 02 2005

JAMES W. McCORMACK, CLERK
By_____
                    DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION**

| | | |
|---|---|---|
| TAMARA RENEE KUYKENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4 - 05 - C V - 0 1 2 0 GTE |
| | ) | |
| v. | ) | |
| | ) | Demand for Jury Trial |
| EXPERIMENTAL APPLIED SCIENCES, INC., | ) | |
| d/b/a EAS, INC., a Colorado Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | This case assigned to District Judge _____ |
| | | and to Magistrate Judge _____ |

**COMPLAINT**

NOW COMES the Plaintiff, TAMARA RENEE KUYKENDALL, by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD., and GARY EUBANKS & ASSOCIATES, complaining of the Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, INC., a Colorado Corporation, states as follows:

**I. PARTIES**

**A. Plaintiff**

1.      Plaintiff, TAMARA RENEE KUYKENDALL ("Plaintiff"), is a citizen of Little Rock, Arkansas.

2.      Plaintiff purchased and ingested the ephedra-containing product, BetaLean, manufactured by EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, inc., ("Defendant").

3.      On or about April 14, 2002, Plaintiff suffered a stroke as the result of ingesting the ephedra-containing product, BetaLean.

KBM

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE 888.882.8652
MorrallLaw.com

## DEFENDANT

4.     Defendant, Experimental Applied Sciences, Inc., d/b/a EAS Inc., is a Colorado Corporation with its principal place of business located at 555 Corporate Circle, Golden, CO, 80401.

5.     At all relevant times Defendant did research, develop, manufacture, create, design, test, label, package, distribute, supply, market, sell, promote, and/or advertise ephedra-containing dietary products, including BetaLean, the specific product complained-of herein.

## II. JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because the Plaintiff is a citizen of the State of Arkansas and the Defendant is incorporated in the State of Colorado.

7.     This Court has personal jurisdiction over the Defendant pursuant to the Ark. Code Ann. §16-04-101, because it has committed tortious acts within this state.

8.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) and (c).

## III. NATURE OF THE DEFENDANTS' WRONGFUL CONDUCT

### A. FACTUAL BACKGROUND

9.     In 4000 BC, Ma Huang (ephedra), a Chinese herb, was used as a cold remedy usually ingested in tea made from the ephedra plant for persons suffering short-



KENNETH B. MOLL ASSOCIATES, LTD.
One First National Plaza
30th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 800.515.1212
kbmoll.com

2
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

term inflammation of the lungs due to common cold and asthma problems. Ma Huang was usually recommended for short-term use.

10.      Ephedra sinica, also known as Ma Huang, Mormon Tea, and now known on the streets as Herbal Ecstasy, is the plant most commonly used as a source of ephedra. Ma Huang is a popular dietary supplement across the world and has been used in Chinese medicine for over 5,000 years.

11.      Ephedra naturally occurs in several different species of botanical plants. Ephedra contains "ephedrine alkaloids," which are naturally occurring chemical stimulants. Ephedrine, pseudoephedrine, methylephedrine, norephedrine, and norpseudoephedrine are all different types of ephedrine alkaloids. Although the proportions of the different types of ephedrine alkaloids in botanical plants vary from one plant species to another, the most common ephedrine alkaloids that are present in ephedra are ephedrine and pseudoephedrine. Norephedrine is an ephedrine alkaloid also known as phenylpropanolamine, which was recently banned by the FDA.

12.      The synthetic form of ephedrine is considered to be a drug and is heavily regulated by the FDA, while the natural form of ephedrine that is present in ephedra is considered to be a dietary supplement and therefore is not heavily regulated by the FDA under the Dietary Supplement Health and Education Act of 1994. Both ephedrine and ephedra are known to stimulate the sympathetic nervous system and cause vasoconstriction of the blood vessels. They also dilate bronchial tubes, elevate blood pressure, and increase heart rate.



KENNETH B. MOLL
ASSOCIATES, LTD.
One First National Plaza
60th Floor
Chicago, Illinois 60603
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.4611
kbmoll.com

## B. WRONGFUL CONDUCT

13.    Pursuant to the Dietary and Supplement Health and Education Act of 1994, manufacturers of dietary supplements are responsible to ensure the safety and integrity of their products, specifically ephedra-containing products such as and BetaLean.

14.    The Defendant engaged in a diverse and wide-sweeping marketing and over-promotion to sell its ephedra-containing dietary product. The Defendant misinformed and misled Plaintiff and consumers about its ephedra-containing dietary product, and failed to protect Plaintiff and users from serious dangers, which Defendant knew or should have known resulted from the use of its ephedra-containing dietary product.

15.    The Defendant's promotions included, but were not limited to, claims that its ephedra-containing dietary product would allow Plaintiff to stimulate fat loss, preserve lean muscle mass, increase energy, and increase metabolism.

## C. CHRONOLOGY

16.    In 1994 ephedra-containing dietary supplements were sold over-the-counter worldwide, with little oversight by the Food and Drug Administration, FDA.

17.    In August 2002, the Justice Department began conducting criminal investigations into the safety and effects of ephedra-containing dietary supplements.

18.    In May 2003, Illinois became the first state to ban the use of ephedra-containing dietary supplements.

19.    In October and November 2003, ephedra-containing dietary supplements were banned in California and New York, respectively.

K:M

KENNETH B. MOLL
ASSOCIATES, LTD.
xxx Park National Plaza
xx Floor
Chicago, Illinois 60602
TEL: xxx.xxx.xxxx
FAX: xxx.xxx.xxxx
TOLL FREE: xxx.xxx.xxxx
kbmoll.com

4
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

20.    Finally, on December 30, 2003, the U.S. Food and Drug Administration (FDA) announced a nationwide ban of the herbal weight-loss supplement ephedra as a result of concerns of its serious and adverse effects on health.

21.    On April 12, 2004, the FDA ban became effective making sales of ephedra-containing diet supplements illegal.

## D. SERIOUS AND ADVERSE EFFECTS OF EPHEDRA

22.    Ephedra-containing dietary products have been strongly associated with substantial increases in blood pressure, heart rate, and arrhythmia.

23.    Ephedra-containing dietary products cause other amphetamine-like effects such as nervousness, hyperactivity, increased energy, anxiety, increased insomnia, tremor, dry mouth and a speedy feeling.

24.    Ephedra-containing dietary products are potent central nervous stimulants and vasoconstrictors that cause adverse health risks, including death, intracranial hemorrhage, hypertension, palpitations, tachycardia, arrhythmias, dysrhythmias, myocardial infarctions, seizures, tremors, psychosis, nervousness, headaches, syncope, vertigo, strokes, atrial fibrillation, and gastrointestinal distress.

25.    Defendant has failed to formulate, manufacture, design, and compound its product, so as not to constitute an unreasonable risk of death, intracranial hemorrhage, heart attack, seizure, stroke, atrial fibrillation, and psychosis.

26.    Defendant has failed to properly test the purity, quality, quantity, uniformity, potency, absorption, bioavailability, distribution, metabolic mechanisms, elimination rates, pharmacodynamics and pharmacogenetics of its ephedra-containing dietary product.

27.    The warning label for the ephedra-containing dietary product did not adequately warn of the inherent dangers and risks of ephedra-containing dietary product, and failed to warn with an intensity commensurate with the existent danger. The warning was inadequate because it failed to warn Plaintiff and over-the-counter consumers of the risks of death, intracranial hemorrhage, heart attack, arrhythmias, stroke, seizure, atrial fibrillation, and psychosis.

28.    The product warning label was inadequate for failure to warn of additive, synergistic, or potentiated effect of ephedra when combined with sympathomimetic medications or foods.

### IV. CLAIMS FOR RELIEF
### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

29.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

30.    Defendant is liable to Plaintiff pursuant to §402A of the Restatement of Torts (Second) or similar state law in that:

      a.    The Defendant was and is engaged in the business of manufacturing, promoting, marketing, advertising, distributing, supplying and selling the ephedra containing dietary product BetaLean, which Defendant sold and distributed in the State of Arkansas of which Plaintiff is a citizen.



KENNETH B. MOLL
ASSOCIATES, LTD.
Post National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1264
TOLL FREE: 888.645.5464
MollLaw.com

b.  The Plaintiff was using BetaLean in a manner for which it was intended or in a reasonably foreseeable manner.

c.  The Defendant's BetaLean was expected to and did reach the Plaintiff and similarly situated consumers without substantial change in its condition as manufactured and sold by the Defendant.

d.  The Defendant knew or should have known that the foreseeable risks associated with BetaLean manufactured and distributed by the Defendant exceeded the benefits of that good.

e.  The Plaintiff was not aware of, and could not have reasonably discovered the dangerous nature of BetaLean.

f.  BetaLean, manufactured and distributed by the Defendant, caused or subjected the Plaintiff to suffer an ischemic stroke upon consumption and therefore constitutes a product unreasonably dangerous for normal use due to its defective design, its defective manufacture and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiff.

g.  As a direct and proximate result of the Defendant's design, manufacture, promotion and sale of BetaLean:

    i.  Plaintiff suffered serious and grievous personal injuries;

    ii.  Plaintiff incurred economic loss, including loss of earnings and loss of earning capacity; and

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL. 312.558.6444
FAX. 312.558.1112
TOLL FREE 800.585.6414
kbmoll.com

7
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

iii.    Plaintiff was required to expend fair and reasonable expenses for necessary health care, attention and services.

h.    The Defendant, therefore, is strictly liable to the Plaintiff.

## COUNT II

## NEGLIGENCE

31.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

32.    It was the duty of the Defendant to use reasonable care in the manufacture, promotion, marketing, advertising, distribution and sale of and BetaLean.

33.    Contrary to its duty, the Defendant was and is guilty of one or more of the following careless and negligent acts and/or omissions, in that it:

a.    Failed to adequately and properly test and inspect BetaLean so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

b.    Failed to utilize and/or implement a reasonably safe design in the manufacture of BetaLean;

c.    Failed to manufacture BetaLean in a reasonable and safe condition for which it was intended;

d.    Failed to adequately and properly warn the Plaintiff and others similarly purchasing BetaLean of the risk of adverse side effects when used in a manner for which they were intended;



KENNETH B. MOLL
& ASSOCIATES, LTD.
One First National Plaza
14th Floor
Chicago, Illinois 60603
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.1212
kbmoll.com

8
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

e.  Failed to adequately and properly label BetaLean so as to warn the
Plaintiff of the risk of adverse side effects;

f.  Manufactured BetaLean, which constituted a hazard to health;

g.  Manufactured BetaLean, which caused adverse side effects;

h.  Was otherwise careless and negligent.

34.  As a direct and proximate result of one or more of the foregoing unsafe and
defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.

## COUNT III

### VIOLATIONS OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT
### ARK. CODE ANN. § 4-88-113 et seq.

35.  Plaintiff repeats and realleges, as if fully set forth herein, each and every
allegation contained in the above paragraphs and further alleges:

36.  Defendant engaged in unfair competition or unfair or deceptive acts or
practices in violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-
113 et seq., when:

a.  Defendant, through advertising, warranties, and other express
representations, represented that BetaLean had benefits or
characteristics that it did not actually have.

b.  Defendant falsely represented that BetaLean was of a particular
standard or quality when it was not.



KBM

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
54TH Floor
Chicago, Illinois 60602
TEL: 312.646.4444
FAX: 312.646.4440
TOLL FREE: 888.882.9641
KBMoll.com

c.   Defendant, when advertising BetaLean, concealed and suppressed facts material to the true characteristics, standards and quality of and BetaLean.

37.   Defendant's deceptive practices were specifically designed to induce the Plaintiff and others similarly situated to buy BetaLean.

38.   As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.

## COUNT IV
## BREACH OF EXPRESS WARRANTY

39.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

40.   Defendant expressly warranted to the Plaintiff, by and through statements made by the Defendant or the Defendant's authorized agents or sales representatives, orally and in publications, and on bottles of the product and in other written materials that BetaLean, which the Defendant manufactured, promoted, marketed, advertised, distributed and sold to the Plaintiff, was of merchantable quality, fit and safe for human use and otherwise not injurious to Plaintiff's health and well-being.

41.   Plaintiff, in reasonable reliance upon Defendant's guarantees and express warranties, purchased and used BetaLean.

42.   The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and express warranties.

TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

**K&M**

KENNETH B. MOLL
ASSOCIATES, LTD.

43.   The Defendant breached its express warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

44.   As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.

### COUNT V

### BREACH OF IMPLIED WARRANTY

45.   Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

46.   Defendant impliedly warranted to the Plaintiff and others similarly situated that BetaLean was of merchantable quality, fit and safe for human use and otherwise not injurious to the Plaintiff's health and well-being.

47.   Plaintiff, in reasonable reliance upon Defendant's guarantees and implied warranties, purchased and used BetaLean.

48.   The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and implied warranties.

49.   The Defendant breached its implied warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

50.   As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.



KENNETH B. MOLL
ASSOCIATES, LTD.
nst First National Plaza
54th Floor
Chicago, Illinois 60603
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE 888.882.4292
kbmoll.com

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TAMARA RENEE KUYKENDALL, by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD., and GARY EUBANKS & ASSOCIATES, prays for relief against Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a/EAS, INC., as follows:

1. For general damages in a sum in excess of the jurisdictional minimum of this Court;

2. Medical, incidental, hospital, and service expenses according to proof;

3. Loss of earnings and earning capacity according to proof;

4. Prejudgement and post judgement interest as provided by law;

5. Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

6. Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

7. Punitive and exemplary damages;

8. Attorneys' fees, expenses, and costs of this action; and

9. Such further relief as this Court deems necessary, just and proper.

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
ʳ First National Plaza
56ᵗʰ Floor
Chicago, Illinois 60603
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.8882
Kbmoll.com

12
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

FEB-04-2005  11:23        U D S                                    P.14

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

RESPECTFULLY SUBMITTED,

By _____

William Gary Holt          81090
Russell Marlin             2000107
**GARY EUBANKS & ASSOCIATES**
708 West Second Street
P.O. Box 3887
Little Rock, Arkansas 72203-3887
TEL: 501.372.0266
FAX: 501.688.7741
Local Counsel for Plaintiff

Ronald V. Fiesta, Esq.
Sarah C. Bullard, Esq.
Pam Sotoodeh, Esq.
Nizam Arain, Esq.
Paige E. Barr, Esq.
Victoria Dizik Teremenko, Esq.
**KENNETH B. MOLL**
**& ASSOCIATES, LTD.**
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com
National Counsel for Plaintiff

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.858.1441
www.kbmoll.com

13
TAMARA RENEE KUYKENDALL v. EAS, INC.
COMPLAINT

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT–SPRINGFIELD, MASSACHUSETTS

HEATHER C. BROUILLETTE     )
                                 )                05 - 30039 - MAP
       Plaintiff,             )
                                 )   Case No.
   v.                          )
                                 )
EXPERIMENTAL APPLIED SCIENCES, INC., )   Demand for Jury Trial
d/b/a EAS, INC., a Colorado Corporation,  )
                               )
       Defendant.            )
                               )

## COMPLAINT

NOW COMES the Plaintiff, HEATHER BROUILLETTE by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD. and PESSOLANO, DUSEL, MURPHY & CASARTELLO, and complaining of the Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, INC., a Colorado Corporation, states as follows:

### I. PARTIES

#### A. Plaintiff

1.    Plaintiff, HEATHER BROUILLETTE ("Plaintiff"), is a citizen of Chicopee, Massachusetts.

2.    Plaintiff purchased and ingested the ephedra-containing product, BetaLean, manufactured by EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a EAS, Inc., ("Defendant").

3.    On or about October 15, 2002, Plaintiff suffered a ischemic stroke as the result of ingesting the ephedra-containing product, BetaLean.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

## DEFENDANT

4.      Defendant, Experimental Applied Sciences, Inc., d/b/a EAS Inc., is a Colorado Corporation with its principal place of business located at 555 Corporate Circle, Golden, CO, 80401.

5.      At all relevant times Defendant did research, develop, manufacture, create, design, test, label, package, distribute, supply, market, sell, promote, and/or advertise ephedra-containing dietary products, including BetaLean, the specific product complained-of herein.

## II. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because the Plaintiff is a citizen of the State of Massachusetts and the Defendant is incorporated in the State of Colorado.

7.      This Court has personal jurisdiction over the Defendant pursuant to the Massachusetts Long-Arm Statute, Mass. Gen. Laws Ann. ch. 223A, §3(c), because it has committed tortious acts within this state.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) and (c).



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.1455
kbmoll.com

### III. NATURE OF THE DEFENDANTS' WRONGFUL CONDUCT

### A. FACTUAL BACKGROUND

9.      In 4000 BC, Ma Huang (ephedra), a Chinese herb, was used as a cold remedy usually ingested in tea made from the ephedra plant for persons suffering short-term inflammation of the lungs due to common cold and asthma problems. Ma Huang was usually recommended for short-term use.

10.      Ephedra sinica, also known as Ma Huang, Mormon Tea, and now known on the streets as Herbal Ecstasy, is the plant most commonly used as a source of ephedra. Ma Huang is a popular dietary supplement across the world and has been used in Chinese medicine for over 5,000 years.

11.      Ephedra naturally occurs in several different species of botanical plants. Ephedra contains "ephedrine alkaloids," which are naturally occurring chemical stimulants. Ephedrine, pseudoephedrine, methylephedrine, norephedrine, and norpseudoephedrine are all different types of ephedrine alkaloids.   Although the proportions of the different types of ephedrine alkaloids in botanical plants vary from one plant species to another, the most common ephedrine alkaloids that are present in ephedra are ephedrine and pseudoephedrine. Norephedrine is an ephedrine alkaloid also known as phenylpropanolamine, which was recently banned by the FDA.

12.      The synthetic form of ephedrine is considered to be a drug and is heavily regulated by the FDA, while the natural form of ephedrine that is present in ephedra is considered to be a dietary supplement and therefore is not heavily regulated by the FDA under

K:M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL. 312.558.6444
FAX. 312.558.1112
TOLL FREE 888.882.1455
kbmoll.com

3
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

the Dietary Supplement Health and Education Act of 1994. Both ephedrine and ephedra are known to stimulate the sympathetic nervous system and cause vasoconstriction of the blood vessels. They also dilate bronchial tubes, elevate blood pressure, and increase heart rate.

## B. WRONGFUL CONDUCT

13.     Pursuant to the Dietary and Supplement Health and Education Act of 1994, manufacturers of dietary supplements are responsible to ensure the safety and integrity of their products, specifically ephedra-containing products such as and BetaLean.

14.     The Defendant engaged in a diverse and wide-sweeping marketing and over-promotion to sell its ephedra-containing dietary product. The Defendant misinformed and misled Plaintiff and consumers about its ephedra-containing dietary product, and failed to protect Plaintiff and users from serious dangers, which Defendant knew or should have known resulted from the use of its ephedra-containing dietary product.

15.     The Defendant's promotions included, but were not limited to, claims that its ephedra-containing dietary product would allow Plaintiff to stimulate fat loss, preserve lean muscle mass, increase energy, and increase metabolism.

## C. CHRONOLOGY

16.     In 1994 ephedra-containing dietary supplements were sold over-the-counter worldwide, with little oversight by the Food and Drug Administration, FDA.

17.     In August 2002, the Justice Department began conducting criminal investigations into the safety and effects of ephedra-containing dietary supplements.

18.     In May 2003, Illinois became the first state to ban the use of ephedra-containing dietary supplements.

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

4
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

19.   In October and November 2003, ephedra-containing dietary supplements were banned in California and New York, respectively.

20.   Finally, on December 30, 2003, the U.S. Food and Drug Administration (FDA) announced a nationwide ban of the herbal weight-loss supplement ephedra as a result of concerns of its serious and adverse effects on health.

21.   On April 12, 2004, the FDA ban became effective making sales of ephedra-containing diet supplements illegal.

## D. SERIOUS AND ADVERSE EFFECTS OF EPHEDRA

22.   Ephedra-containing dietary products have been strongly associated with substantial increases in blood pressure, heart rate, and arrhythmia.

23.   Ephedra-containing dietary products cause other amphetamine-like effects such as nervousness, hyperactivity, increased energy, anxiety, increased insomnia, tremor, dry mouth and a speedy feeling.

24.   Ephedra-containing dietary products are potent central nervous stimulants and vasoconstrictors that cause adverse health risks, including death, intracranial hemorrhage, hypertension, palpitations, tachycardia, arrhythmias, dysrhythmias, myocardial infarctions, seizures, tremors, psychosis, nervousness, headaches, syncope, vertigo, strokes, atrial fibrillation, and gastrointestinal distress.

25.   Defendant has failed to formulate, manufacture, design, and compound its product, so as not to constitute an unreasonable risk of death, intracranial hemorrhage, heart attack, seizure, stroke, atrial fibrillation, and psychosis.

**K:3M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.1451
kbmoll.com

5
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

26.     Defendant has failed to properly test the purity, quality, quantity, uniformity, potency, absorption, bioavailability, distribution, metabolic mechanisms, elimination rates, pharmacodynamics and pharmacogenetics of its ephedra-containing dietary product.

27.     The warning label for the ephedra-containing dietary product did not adequately warn of the inherent dangers and risks of ephedra-containing dietary product, and failed to warn with an intensity commensurate with the existent danger.  The warning was inadequate because it failed to warn Plaintiff and over-the-counter consumers of the risks of death, intracranial hemorrhage, heart attack, arrhythmias, stroke, seizure, atrial fibrillation, and psychosis.

28.     The product warning label was inadequate for failure to warn of additive, synergistic, or potentiated effect of ephedra when combined with sympathomimetic medications or foods.

## IV. CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY PURSUANT TO
### §402A OF THE RESTATEMENT (SECOND) OF TORTS

29.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

30.     Defendant is liable to Plaintiff pursuant to §402A of the Restatement of Torts (Second) or similar state law in that:

      a.     The Defendant was and is engaged in the business of manufacturing, promoting, marketing, advertising, distributing, supplying and selling the ephedra containing dietary product BetaLean, which Defendant



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL  312 558.6444
FAX  312 558.1112
TOLL FREE  888.882.3651
kbmoll.com

6
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

sold and distributed in the State of Massachusetts of which Plaintiff is a citizen.

b.   The Plaintiff was using BetaLean in a manner for which it was intended or in a reasonably foreseeable manner.

c.   The Defendant's BetaLean was expected to and did reach the Plaintiff and similarly situated consumers without substantial change in its condition as manufactured and sold by the Defendant.

d.   The Defendant knew or should have known that the foreseeable risks associated with BetaLean manufactured and distributed by the Defendant exceeded the benefits of that good.

e.   The Plaintiff was not aware of, and could not have reasonably discovered the dangerous nature of BetaLean.

f.   BetaLean, manufactured and distributed by the Defendant, caused or subjected the Plaintiff to suffer an ischemic stroke upon consumption and therefore constitutes a product unreasonably dangerous for normal use due to its defective design, its defective manufacture and the Defendant's misrepresentations and inadequate facts disclosed to the Plaintiff.

g.   As a direct and proximate result of the Defendant's design, manufacture, promotion and sale of BetaLean:

   i.    Plaintiff suffered serious and grievous personal injuries;

   ii.   Plaintiff incurred economic loss, including loss of earnings and loss of earning capacity; and

   iii.  Plaintiff was required to expend fair and reasonable expenses for necessary health care, attention and services.

h.   The Defendant, therefore, is strictly liable to the Plaintiff.

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL  312 558 6444
FAX  312.558.1112
TOLL FREE  888 882 3453
kbmoll.com

## COUNT II
## NEGLIGENCE

31.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

32.     It was the duty of the Defendant to use reasonable care in the manufacture, promotion, marketing, advertising, distribution and sale of and BetaLean.

33.     Contrary to its duty, the Defendant was and is guilty of one or more of the following careless and negligent acts and/or omissions, in that it:

a.     Failed to adequately and properly test and inspect BetaLean so as to ascertain whether or not it was safe and proper for the purpose for which it was designed, manufactured and sold;

b.     Failed to utilize and/or implement a reasonably safe design in the manufacture of BetaLean;

c.     Failed to manufacture BetaLean in a reasonable and safe condition for which it was intended;

d.     Failed to adequately and properly warn the Plaintiff and others similarly purchasing BetaLean of the risk of adverse side effects when used in a manner for which they were intended;

e.     Failed to adequately and properly label BetaLean so as to warn the Plaintiff of the risk of adverse side effects;

f.     Manufactured BetaLean, which constituted a hazard to health;

g.     Manufactured BetaLean, which caused adverse side effects;

h.     Was otherwise careless and negligent.

34.     As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.5450
kbmoll.com

8

HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

**COUNT III**
## VIOLATIONS OF MASSACHUSETTS REGULATION OF TRADE AND CERTAIN ENTERPRISES, MASS. GEN. LAWS CH. 93A, §1 et seq.

35.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

36.    Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of the Massachusetts Regulation of Trade and Certain Enterprises, Mass. Gen. Laws ch. 93A, §1 et seq., when:

    a.    Defendant, through advertising, warranties, and other express representations, represented that BetaLean had benefits or characteristics that it did not actually have.

    b.    Defendant falsely represented that BetaLean was of a particular standard or quality when it was not.

    c.    Defendant, when advertising BetaLean, concealed and suppressed facts material to the true characteristics, standards and quality of and BetaLean.

37.    Defendant's deceptive practices were specifically designed to induce the Plaintiff and others similarly situated to buy BetaLean.

38.    As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's product, the Plaintiff sustained severe injuries.



KENNETH B MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

9
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

## COUNT IV
## BREACH OF EXPRESS WARRANTY

39.     Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

40.     Defendant expressly warranted to the Plaintiff, by and through statements made by the Defendant or the Defendant's authorized agents or sales representatives, orally and in publications, and on bottles of the product and in other written materials that BetaLean, which the Defendant manufactured, promoted, marketed, advertised, distributed and sold to the Plaintiff, was of merchantable quality, fit and safe for human use and otherwise not injurious to Plaintiff's health and well-being.

41.     Plaintiff, in reasonable reliance upon Defendant's guarantees and express warranties, purchased and used BetaLean.

42.     The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and express warranties.

43.     The Defendant breached its express warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

44.     As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.

## COUNT V
## BREACH OF IMPLIED WARRANTY

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE 888.882.2453
kbmoll.com

45.    Plaintiff repeats and realleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

46.    Defendant impliedly warranted to the Plaintiff and others similarly situated that BetaLean was of merchantable quality, fit and safe for human use and otherwise not injurious to the Plaintiff's health and well-being.

47.    Plaintiff, in reasonable reliance upon Defendant's guarantees and implied warranties, purchased and used BetaLean.

48.    The BetaLean consumed by the Plaintiff and others similarly situated was unsafe, unmerchantable, unfit for human use and otherwise injurious to the Plaintiff, notwithstanding the Defendant's guarantees and implied warranties.

49.    The Defendant breached its implied warranties in that BetaLean was not of merchantable quality, was not fit and safe for human use, and was injurious to the Plaintiff's health and well-being.

50.    As a direct and proximate result of one or more of the foregoing unsafe and defective conditions of the Defendant's products, the Plaintiff sustained severe injuries.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HEATHER BROUILLETTE, by and through her attorneys, KENNETH B. MOLL & ASSOCIATES, LTD., and PESSOLANO, DUSEL, MURPHY & CASARTELLO prays for relief against Defendant, EXPERIMENTAL APPLIED SCIENCES, INC., d/b/a/EAS, INC., as follows:

K:B:M

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL  312.558.6444
FAX  312.558.1112
TOLL FREE: 888.882.1453
kbmoll.com

1. For general damages in a sum in excess of the jurisdictional minimum of this Court;

2. Medical, incidental, hospital, and service expenses according to proof;

3. Loss of earnings and earning capacity according to proof;

4. Prejudgement and post judgement interest as provided by law;

5. Compensatory damages in excess of the jurisdictional minimum of the Court, according to proof;

6. Consequential damages in excess of the jurisdictional minimum of the Court, according to proof;

7. Punitive and exemplary damages;

8. Attorneys' fees, expenses, and costs of this action; and

9. Such further relief as this Court deems necessary, just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable in this action.

RESPECTFULLY SUBMITTED,

By: _____

Kevin Murphy, Esq.      BBO#363110
**PESSOLANO, DUSEL, MURPHY & CASARTELLO**
115 State Street, 5th Floor
Springfield, Massachusetts 01103
TEL: 413.781.4700
FAX: 413.781.0471

**KBM**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
kbmoll.com

12
HEATHER BROUILLETTE v. EAS, INC.
COMPLAINT

Local Counsel for Plaintiff

Ronald V. Fiesta, Esq.
Sarah C. Bullard, Esq.
Pam Sotoodeh, Esq.
Nizam Arain, Esq.
Paige E. Barr, Esq.
Victoria Dizik Teremenko, Esq.
**KENNETH B. MOLL**
**& ASSOCIATES, LTD.**
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
www.kbmoll.com
National Counsel for Plaintiff

**K:M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.1431
kbmoll.com

# EXHIBIT C

**ML 1598**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2004

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1598*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,\* D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of fifteen actions: three actions each in the Northern and Eastern Districts of Texas, two actions in the Southern District of Texas, and one action each in the Southern District of California, the Middle District of Georgia, the Eastern District of Kentucky, the District of Massachusetts, the Southern District of Ohio, the Western District of Pennsylvania, and the Western District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in twelve of the fifteen actions now before the Panel to centralize these actions for coordinated or consolidated pretrial proceedings in the Southern District of Ohio. Most responding plaintiffs or interested party plaintiffs agree that centralization is appropriate, but differ on the most appropriate choice of transferee district.[2] All responding defendants or interested party defendants oppose centralization;[3] Nutraquest and the Twinlab defendants also specifically oppose inclusion of any personal injury or wrongful death actions

---

\* Judges Selya and Motz did not participate in the decision of this matter.

[1] The Panel has been notified that an additional action included on the Section 1407 motion, *Sherry Cox, etc. v. Metabolife International, Inc.,* S.D. Ohio, C.A. No. 1:01-643, was dismissed with prejudice on January 27, 2004. Accordingly, the question of Section 1407 centralization with respect to this action is moot.

The Panel has also been notified by various parties that approximately 200 potentially related actions have already been filed in federal districts throughout the United States. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in some potentially related actions oppose inclusion of their actions in MDL-1598 proceedings, because of the allegedly advanced stage of proceedings in their respective actions.

[3] Metabolife International, Inc.; The Chemins Company, Inc.; Vitaquest International, Inc.; NVE, Inc.; Cytodyne International, LLC; Cytodyne, LLC; Cytodyne I, LLC; Phoenix Laboratories, Inc.; General Nutrition Companies; Nutraquest, Inc. (Nutraquest) (formerly known as Cytodyne Technologies, Inc.); RS OLDCO, Inc. (formerly known as Rexall Sundown, Inc.); RL OLDCO, Inc. (formerly known as Richardson Labs, Inc.); Herbalife International; Natural Balance, Inc.; MuscleTech Research & Development, Inc.; Nutramerica Corporation; Trim Spa Corporation; Goen Technologies Corporation; Weight Loss Labs, Inc.; Goen Group; Alexander Szynalski; Albert M. Fleischner; Nittany Pharmaceuticals; and Twinlab Corporation, Twin Laboratories Inc. and Twin Laboratories (UK) Ltd. (collectively referred to as the Twinlab defendants).

OFFICIAL FILE COPY
IMAGED APR 13 '04

- 2 -

against them in MDL-1598 proceedings in light of the fact that these actions have been ordered transferred under 28 U.S.C. § 157(b)(5) from the federal districts in which these actions or related actions are pending to the District of New Jersey and the Southern District of New York, respectively. Other transferee districts suggested by plaintiffs or, in the alternative, by defendants include the Northern District of Alabama, the Southern District of California, the Northern District of Illinois, the District of Minnesota, the Southern District of New York, the Eastern District of Pennsylvania and the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each defendant should produce a different result in order to avoid an unwieldy situation. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1598 transferee court can employ various pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

In light of the January 22, 2004 order transferring under Section 157 personal injury/wrongful death actions brought against Nutraquest to the District of New Jersey, coupled with the entire circumstances presently before us, inclusion of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, in MDL-1598 proceedings is not appropriate at this time. We note that all of the New Jersey Nutraquest actions are currently stayed and Judge Garrett E. Brown is in the process of establishing a procedure for the efficient management of these actions.

Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this nationwide litigation, the Panel has decided to entrust this litigation to Judge Jed S. Rakoff in the Southern District of New York who is already presiding over the Twinlab personal injury/wrongful death actions in connection with the Twinlab defendants' bankruptcy proceedings. We note that Judge Rakoff is in the process of establishing procedures for the conduct of the more than 60 actions brought against the Twinlab defendants. Thus, he is in the best position to coordinate MDL-1598 pretrial proceedings with the New York Twinlab actions, and – if appropriate – to informally coordinate

- 3 -

the MDL-1598 actions and the New York Twinlab actions with the New Jersey Nutraquest actions pending before Judge Brown in order to achieve the goals of economy and efficiency which are hallmarks of both Sections 1407 and 157.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1598 -- In re Ephedra Products Liability Litigation</u>

### <u>Southern District of California</u>

*Joanne Marlow, et al. v. Metabolife International, Inc.*, C.A. No. 3:01-2306

### <u>Middle District of Georgia</u>

*Margo A. Durrance, etc. v. Royal Numico, N.V., et al.*, C.A. No. 6:03-29

### <u>Eastern District of Kentucky</u>

*Stephanie Turner, etc. v. Rexall Sundown, Inc.*, C.A. No. 2:01-197

### <u>District of Massachusetts</u>

*George W. Winsor, etc. v. Metabolife International, Inc., et al.*, C.A. No. 1:02-10387

### <u>Western District of Pennsylvania</u>

*Shelli Schlafhauser, et al. v. Metabolife International, Inc., et al.*, C.A. No. 2:02-1450

### <u>Eastern District of Texas</u>

*Sandra G. Sinegal v. Metabolife International, Inc., et al.*, C.A. No. 1:03-92
*Mario Ochoa v. Metabolife International, Inc., et al.*, C.A. No. 4:03-371
*Bobbie J. Barnett v. Metabolife International, Inc., et al.*, C.A. No. 6:03-227

### <u>Northern District of Texas</u>

*Robert Donald Terrell v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1013
*Gary Townsend v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1353
*Teresa Villareal v. Metabolife International, Inc., et al.*, C.A. No. 4:03-606

### <u>Southern District of Texas</u>

*Ruth J. English v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5387
*Sandra Lee Parker v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5419

### <u>Western District of Texas</u>

*Douglas Risley v. Metabolife International, Inc., et al.*, C.A. No. 3:03-395